IN RE the INTEREST OF SCOTT Y., a Person Under the
Age of Eighteen:

THOMAS Y., Appellant,†

v.

ST. CROIX COUNTY, Respondent. [Case No. 92-2142.]

IN RE the INTEREST OF RYAN Y., a Person Under the
Age of Eighteen:

THOMAS Y., Appellant,

v.

ST. CROIX COUNTY, Respondent. [Case No. 92-2143.]

Court of Appeals

*Nos. 92-2142, 92-2143. Submitted on briefs February 19,
1993.—Decided March 9, 1993.*

(Also reported in 499 N.W.2d 218.)

†Petition to review denied.

On behalf of the appellant, the cause was submitted on the brief of *Michael J. Fairchild* of Menomonie.

On behalf of the respondent, the cause was submitted on the brief of *Francis D. Collins,* assistant district attorney, of Hudson.

On behalf of the guardian ad litem of Ryan Y. and Scott Y., a brief was submitted by *Edward F. Vlack* of *Davison & Vlack* of River Falls.

Before Cane, P.J., LaRocque and Myse, JJ.[1]

---

[1] This has been changed to a three-judge panel by the court's order of March 3, 1993.

---

CANE, P.J. Thomas Y. appeals the orders placing two of his sons, Scott Y. and Ryan Y., in foster care following a consolidated CHIPS proceeding. Thomas argues that the trial court lost its jurisdiction to proceed on the petition because the St. Croix County Department of Human Services (the county) failed to file a permanency plan with the court within sixty days after Scott and Ryan were placed outside of Thomas' home, as required by sec. 48.38(3), Stats. Thomas also contends that the trial court was biased against him and deprived him of due process of law before an impartial judge. Because we conclude that the sixty-day filing requirement in sec. 48.38(3) is nonjurisdictional and Thomas has failed to demonstrate the trial court's partiality, the orders are affirmed.

Scott and Ryan were taken into custody under sec. 48.19(1)(d)5, Stats., on March 13, 1991, after the county received reports that the children were victims of physical abuse in Thomas' home. Both children affirmed that they had been physically abused on several occasions by their stepmother, Janet Y. The county filed a petition for determination of the children's need for protective services under sec. 48.13(3) the next day, and the county was granted temporary physical custody. Although Thomas continually opposed placement of his children outside his home, he stipulated that the children had been victims of physical abuse in his home and were in need of protective services. The court held numerous hearings reviewing the county's temporary physical custody of the children.

In August 1991, the county filed a permanency plan and predispositional report with the court and the court held a dispositional hearing. At the hearing, the county caseworker testified that she continually informed Thomas and Janet of the requirements for the children's

return to Thomas' home. She also testified that the county's records reflected extensive and continuous physical abuse of the children. She further testified that Thomas and Janet failed to comply with those requirements, cooperate with the county and recognize the problems and the need to rectify the conditions that necessitated the children's removal from their home.

Thomas vigorously cross-examined the caseworker concerning the predispositional report and her recommendations for placement. Following cross-examination, and a lengthy discussion concerning the court's jurisdiction and objections to Thomas' alleged attempt to retry the matter, Thomas elected not to testify or present evidence on his own behalf. The children's guardian ad litem questioned Thomas adversely concerning the predispositional report and the county caseworker's recommendations. Thomas testified that he disagreed with the recommendations and that he believed family counseling, scheduled visits to his home by a county social worker and therapy for the children were unnecessary.

The court made the following findings, among others: (1) The county failed to hold a timely permanency planning meeting or to file a permanency plan with the court as required by sec. 48.38(3), Stats.; (2) the dispositional hearing was delayed several times at Thomas' request; and (3) the best interests of the children lie in continuing placement in a family foster home under the county's supervision. The court adopted the recommendations in the predispositional report and the conditions for the children's return to Thomas' home. The court concluded that the county's failure to comply with the time constraints in sec. 48.38(3) did not deprive it of jurisdiction. The court ordered, in part, that the children remain in foster care under the county's supervision, the children receive therapy and that Thomas

and Janet enter and successfully complete various counseling programs and psychological assessments.

Section 48.38(3), Stats., provides, in part, "The agency shall file the permanency plan with the court within 60 days after the date on which the child was first held in physical custody or placed outside of his or her home under a court order . . .." It is undisputed that the county failed to file a permanency plan with the court within sixty days of March 13, 1991, the date the county took physical custody of Scott and Ryan. Thomas argues that this failure deprived the court of subject-matter jurisdiction, citing *In re C.A.K.*, 154 Wis. 2d 612, 453 N.W.2d 897 (1990); *In re R.H.*, 147 Wis. 2d 22, 433 N.W.2d 16 (Ct. App. 1988); *aff'd*, 150 Wis. 2d 432, 441 N.W.2d 233 (1989); *In re G.H.*, 150 Wis. 2d 407, 441 N.W.2d 227 (1989); *In re B.J.N.*, 162 Wis. 2d 635, 469 N.W.2d 845 (1991); and *In re D.F.*, 147 Wis. 2d 486, 433 N.W.2d 609 (Ct. App. 1988). We are not persuaded.

This issue involves construction and application of a statute to undisputed facts, which is a question of law that we review independently of the trial court's determination. *In re D.S.P.*, 157 Wis. 2d 106, 118-19, 458 N.W.2d 823, 829 (Ct. App. 1990), *aff'd*, 166 Wis. 2d 464, 480 N.W.2d 234 (1992). We note that the plain language of the statute requires filing of the permanency plan "within 60 days after the date on which the child was first held in physical custody *or* placed outside of his or her home under a court order . . .." (Emphasis added.) Here, the permanency plan was filed *before* the court ordered placement of the children outside of Thomas' home. Arguably, as long as a permanency plan was filed within sixty days of whichever event occurs later, the statutory time limit has been complied with.

However, we need not address that issue because even if concluded that the county failed to comply with sec. 48.43(3), Stats., by failing to file a permanency plan within sixty days of the date it first took custody of Scott and Ryan, the failure is nonjurisdictional for several reasons. First, we note that sec. 48.43 does not deal with subject-matter jurisdiction and sec. 48.13 does not list the timely filing of a permanency plan as a prerequisite for jurisdiction over children alleged to be in need of protection or services. Second, as the county notes, preparing a permanency plan is an administrative requirement that does not involve the court, is not part of the court procedures governed by Subchapter V and does not arise out of the court's jurisdiction.

Finally, the cases Thomas cites in support of his proposition are inapposite. None of these cases deals with the filing of a permanency plan with the court. *C.A.K.*, 154 Wis. 2d at 614, 453 N.W.2d at 897-98, held that the statutory time limit for commencing delinquency proceedings is mandatory, and an untimely petition must be dismissed. The other cases all deal with statutory time limits placed on court proceedings or statutory duties imposed on the court. *R.H.*, 147 Wis. 2d at 25-26, 433 N.W.2d at 18, held that the thirty-day time limits for holding a dispositional hearing on a delinquency petition and on a petition that the child is in need of protection and services are jurisdictional. *G.H.*, 150 Wis. 2d at 415-16, 441 N.W.2d at 231, affirms *R.H.* *B.J.N.*, 162 Wis. 2d at 654-55, 469 N.W.2d at 853, held that a court loses competency in post-dispositional proceedings if it fails to hold an extension hearing within thirty days of the expiration of a dispositional order. *D.F.*, 147 Wis. 2d at 498-99, 433 N.W.2d at 613-14, held that a trial court's failure to comply with the parental

228

notification statute precluded termination of the parent's rights. We therefore concludes that the time limits in sec. 48.38(3), Stats., are not prerequisites to trial court subject matter jurisdiction or competency over proceedings.

Next, Thomas argues that he was deprived of due process because the trial court was partial and it decided not to return Scott and Ryan to his home before it had received all of the evidence. Our supreme court has expressed a two-part test for judicial impartiality: (1) a subjective test based upon the judge's own determination of his or her impartiality and (2) an objective test based upon whether impartiality can reasonably be questioned. *State v. Walberg*, 109 Wis. 2d 96, 106, 325 N.W.2d 687, 692 (1982). Whether the trial court's partiality, if any, violated a litigant's due process rights is a question of law that this court reviews independently of the trial court. *State v. Hollingsworth*, 160 Wis. 2d 883, 893, 467 N.W.2d 555, 559 (Ct. App. 1991).

"A litigant is denied due process only if the judge, in fact, treats him or her unfairly. A litigant is not deprived of fundamental fairness . . . either by the appearance of a judge's partiality or by circumstances which might lead one to speculate as to his or her partiality." *Id.* at 894, 467 N.W.2d at 560 (citation omitted). We have reviewed the transcripts available to it in their entirety and conclude that Thomas' assertions of impartiality and prejudgment are meritless. Thomas takes the trial court's comments out of context. He omits reference to the court's grant of wide latitude to Thomas during his cross-examination over the objections of the county and the guardian ad litem, his strategic decision not to present evidence on his own behalf and the court's state-

229

ment late in the proceeding that "the ultimate goal of this Court, of course, is to put the children back with their dad. . . . Kids belong with their parents." We conclude that Thomas fails to demonstrate that the trial court treated him unfairly, prevented him from participating in the proceeding or prejudged the issue before all of the evidence was presented.

*By the Court.*—Orders affirmed.